STATE vs. WILLIAM M. ROE.

1. ASSAULT AND BATTERY—SELF-DEFENSE.
   Although R. struck defendant first, defendant would be guilty, unless he struck R. in self-defense.

2. ASSAULT AND BATTERY—JUSTIFICATION.
   No one has the right to assault another, unless he is at the time in danger of suffering bodily harm at the hands of the other.

3. ASSAULT AND BATTERY—JUSTIFICATION.
   Mere words or threats, however offensive, will not justify an assault.

4. ASSAULT AND BATTERY—JUSTIFICATION.

A slight assault will not justify the use of more force or violence by the person assaulted than is necessary to protect him from bodily harm.

5. ASSAULT AND BATTERY—DUTY TO WITHDRAW.

If one is assaulted, and can safely withdraw and thereby avoid danger, it is his duty to do so.

(*February* 20, 1918.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*James M. Satterfield*, Deputy Attorney General, for the state.

*Thomas C. Frame, Jr.*, for the accused.

Court of General Sessions, Kent County, February Term, 1918.

INDICTMENT No. 5, February Term, 1918.

William M. Roe was indicted for assault and battery upon Samuel Richards.    Verdict, guilty with recommendation of mercy.

On November 23, 1917, R., being in the employment of M., accompanied the latter in a two-wheeled sulky to his farm, then in the tenure of the accused, whom they found husking corn. Seated in the sulky, M. asked his tenant what according to his estimate the landlord's share of the corn crop would be, stating that he wished to have it insured.    The accused resented the question, and after some words between the two, each claimed that the other called him a liar.    The accused sprang upon the stepboard in the rear of the sulky and attempted to reach M., but failing to do so, "swung" at R., striking him on the bridge of the nose and knocking him off the sulky.    R. got back into the sulky and M. drove off.

The accused admitted that he got upon the stepboard of the sulky and reached for M. "to shake him" when, he claimed, R. struck him on the arm, whereupon he struck R. in self-defense.

R., corroborated by M., denied that he either struck or attempted to strike the accused.

Charge.

PENNEWILL, C. J., charged the jury in part:

It may be of some assistance to you if the court shall tell you what evidence you should consider and what you should not consider. We will therefore say that you should not pay the slightest attention to anything that Martin said to Roe, or that Roe said to Martin before Roe struck Richards.

The question you are to determine is not whether either Martin or Roe used improper and offensive language, the one to the other, but whether Roe was justified in striking Richards. That is all. No words that Martin may have spoken to Roe could have justified an assault on Martin, and much less could they have justified an assault on Richards.

It is not shown that Richards said anything at all to Roe, but it is claimed that Richards struck Roe on the arm before Roe struck him. You have heard the testimony on that point.

[1-5] The state contends that the evidence shows that Richards did not touch Roe, and if you believe that, then there was manifestly no excuse or justification for the assault committed by Roe on Richards and your verdict should be guilty. And even if you believe from the evidence that Richards struck Roe first, Roe would nevertheless be guilty unless you are satisfied that he struck Richards in self defense. This leads us to speak of the law of self-defense. And we instruct you that no one has the right to strike or assault another unless he is at the time in danger of suffering bodily harm at the hands of the other. Mere words or threats, however offensive, will never justify even a slight assault, neither will a slight assault justify a person in using more force or violence than is necessary to protect the person from bodily harm. And, moreover, if one is assaulted and can safely withdraw and thereby avoid danger, it is his duty to do so. He has no right in self-defense to strike back unless there is no other way of avoiding danger to his person.

The defendant admits that he struck Richards. He also admits that Martin did not strike or attempt to strike him, and yet he, the defendant, endeavored to shake him, and that Richards then struck him on the arm. If you believe this then we say that

Roe had no right to strike back unless that was the only way he could avoid injury to his person. If he was in such a position that he could avoid such danger by withdrawing or stepping back, it was his duty to do so, rather than retaliate for a slight blow on the arm, if you believe there was such a blow.

Verdict, guilty with recommendation to mercy.